UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 17-CR-00168 SRN/KMM) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Kalil Wesley Dunn, | |
| Defendant. | |

Thomas Calhoun-Lopez, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415 for Plaintiff.

Robert M. Paule, Robert M. Paule, PA, 920 Second Avenue South, Suite 975, Minneapolis, Minnesota 55402 for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Katherine Menendez dated November 30, 2017 [Doc. No. 39]. In the R&R, Magistrate Judge Menendez recommends that: (1) Defendant's Motion to Sever Counts [Doc. No. 20] be denied without prejudice; (2) Defendant's Motion to Suppress Evidence [Doc. No. 21] be denied with prejudice; and (3) Defendant's Motion to Suppress [Doc. No. 22] be denied with prejudice. Defendant timely objected to the R&R ("Def.'s Obj.") [Doc. No. 40], and the Government filed a response [Doc. No. 41]. For the reasons set forth below, and based on a full, *de novo* review of the files and records, including the transcript of the suppression hearing, this Court overrules Defendant's Objections and adopts the R&R in its entirety.

## I.   BACKGROUND

Defendant Kalil Wesley Dunn ("Defendant") was charged by indictment with five counts of drug and gun possession arising out of two separate encounters he had with law enforcement on April 12, 2017 and on June 20, 2017. (*See* Indictment [Doc. No. 10].) The underlying details of the charges—as well as the procedural history of this case—are set forth more fully in the R&R, which this Court incorporates herein by reference.

### A. Encounter on April 12, 2017 and Subsequent Charges

On April 12, 2017, Minneapolis Police Department ("MPD") Officers Richard Knoche and Andrew Schroeder were on routine patrol when dispatch notified them about a four-car accident in Minneapolis. (Mots. Hr'g Tr. ("Tr.") [Doc. No. 32] at 13–15; R&R at 2.) Once the officers were on the scene, a witness told Officer Schroeder that Defendant's car "ran into three parked cars before it spun southbound in the northbound lane." (Tr. at 16; *see* R&R 2.) Officer Knoche observed that Defendant's car "entirely" covered the lane for oncoming traffic, and thus decided to have the vehicle towed pursuant to MPD policy, as it could not be driven safely due to the extensive damage to its front end as well as a flat tire. (Tr. at 17–18, 32; R&R at 2.) Defendant had already made arrangements to have his vehicle towed, (Tr. at 128; R&R at 2–3), but the MPD policy allows officers to have vehicles towed when they impede traffic and does not require them to ask the vehicle's owner if he wishes to make his own towing arrangements, (Tr. at 42–43; R&R at 5).

Pursuant to this MPD policy, the officers conducted an inventory search of the car before it was towed. (Tr. at 34–35, 42; R&R at 3.) The officers found two handguns, two

bags of suspected crack cocaine, two digital scales, and two cell phones. (Tr. at 19; R&R at 3.) Defendant was arrested. (Tr. at 28–29).

Based on this incident, the indictment charges Defendant with possessing a firearm in violation of felon-in-possession statutes (count 1); possessing cocaine base with intent to distribute (count 2); and possessing firearms during and in relation to a drug trafficking crime (count 3). (Indictment.)

### B. Encounter on June 20, 2017 and Subsequent Charges

While on routine patrol on June 20, 2017, MPD Officer Donnell Crayton observed Defendant drive past his police car. (Tr. at 54–57.) Officer Crayton then heard and saw Defendant's car accelerate away from the police car, and Officer Crayton and his partner turned around to follow Defendant. (*Id.* at 57–58; R&R at 3.) While the officers pursued Defendant, they observed that he committed multiple traffic violations and pulled him over. (Tr. at 58–61; R&R at 3.) Defendant stopped, exited the vehicle, and began to walk away. (Tr. at 61–62; R&R at 3.) The officers issued commands, but Defendant was "slow to follow" these commands and appeared to reach behind his back, so Officer Crayton arrested and handcuffed him. (Tr. at 62, 84–85; R&R at 3.)

Officer Kong Moua then approached the car that Defendant was driving "to make sure nobody else was inside," (Tr. at 92; R&R at 4), and, looking through the driver's window, "observed a plastic bag containing what appeared to be crack cocaine." (Tr. at 92; R&R at 4.) Officer Moua then obtained the key from Officer Crayton and searched the vehicle. (Tr. at 95–96, 108; R&R at 4.)  Officer Moua found a firearm with a seated magazine and a magazine drum under the front passenger seat. (Tr. at 96–97.) He

3

photographed the gun and the drugs, taking photographs of the gun first. (Tr. at 110–112; R&R at 4.) He testified that he photographed the gun before the drugs because of the heightened risk associated with weapons. (Tr. at 113–14; R&R at 4.)

Based on this stop and search, the indictment charges Defendant with possessing a firearm in violation of felon-in-possession statutes (count 4) and with possessing cocaine base with intent to distribute (count 5). (Indictment.)

### C. Procedural Posture

On August 18, 2017, Defendant filed the underlying motions. On September 12, 2017, Magistrate Judge Menendez held a motions hearing and now recommends that this Court deny each of Defendant's motions. Because Defendant only objects to the magistrate judge's findings and recommendations regarding suppression of the evidence found inside the vehicles, (*see* Def.'s Obj.), this Order focuses only on his Motion to Suppress Evidence.

Relevant here, the magistrate judge found that the April 12th search was lawful under the well-established inventory search exception to the warrant requirement. (R&R at 4–6.) The magistrate judge found that Officer Knoche's decision to tow the car was clearly valid because the car was blocking traffic, and that the subsequent inventory search did not violate the MPD policy or the permissible scope of an inventory search generally. (*Id.* at 6.) Similarly, with regard to the June 20th stop and search, the magistrate judge found that the stop itself was lawful because of Defendant's apparent traffic violations, (*id.*), and that the subsequent search was justified by the plain view doctrine and the automobile exception to the warrant requirement, (*id.* at 7–9). The magistrate judge found that Officer Moua credibly

4

testified that he first observed what appeared to be illicit drugs in plain view, and only then performed a full search of the car. (*Id.* at 8.)

## II.   DISCUSSION

"[D]istrict courts may designate magistrate judges to conduct, *inter alia*, evidentiary hearings on suppression motions and to submit to a district judge proposed findings of fact and recommendations for the disposition of the matter." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); 28 U.S.C. § 636(b)(1). When a party lodges objections to the magistrate judge's report and recommendation, the district court must undertake an independent, *de novo* review of those portions of the R&R to which the party objects. 28 U.S.C. § 636(b); *see also* D. Minn. LR 72.2(b)(3). While the "statute contemplates that the court 'will consider the record which has been developed before the magistrate and make [its] own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate,'" *United States v. Portmann*, 207 F.3d 1032, 1033 (8th Cir. 2000) (alteration in original) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)), "the court is entitled to 'accept, . . . in whole or in part, the findings or recommendations made by the magistrate [judge],'" *Id.* (quoting 28 U.S.C. § 636(b)(1)).

In this case, Defendant first objects to the magistrate judge's ruling "that the [April 12] search of his motor vehicle was conducted in accord with the Minneapolis Police Department policy" regarding impounding vehicles. (Def.'s Obj. at 1.) Specifically, although Defendant concedes that the policy does not require the police to ask the owner if he prefers to make personal towing arrangements in lieu of impoundment, he nevertheless argues that law enforcement officers "are not free to disregard the fact that private

5

arrangements have already been made in order to conduct an involuntary search as pretext." (*Id.* at 1–2.)

This Court rejects Defendant's contention. Notably, Defendant cites no legal support for his proposition, and this Court is not aware of any. To the contrary, as the magistrate judge correctly noted, the inventory search of a car simply must "be reasonable under the totality of the circumstances," and this requirement is squarely met when the "inventory search is conducted according to standardized police procedures." *United States v. Taylor*, 636 F.3d 461, 464 (8th Cir. 2011) (citations omitted). Here, as Defendant readily recognizes, the search did not violate the MPD policy because the policy does not require consulting the owner if he prefers to make personal towing arrangements. Defendant does not point to any evidence suggesting that the search otherwise violated the policy, and the Court finds no such evidence in the record. Accordingly, after a *de novo* review, this Court agrees with the magistrate judge's determination and concludes that the April 12th search was lawful.[1]

Second, with respect to the June 20th search, Defendant "objects to the Court's ruling that Officer Moua first observed suspected narcotics and then found the firearms evidence." (Def.'s Obj. at 2.) Generally, Defendant argues that Officer Moua's testimony that he first observed the narcotics and then conducted the search is not credible. (*Id.* at 2–3.) Defendant states that Officer Moua's testimony is contradicted by Officer Crayton's

---

[1] Defendant's second argument regarding the stop on April 12—that the arrest and search were "pretextual" and thus unlawful because the officers did not perform a sobriety test—is irrelevant. (*See* Def.'s Obj. at 2.) Here, Defendant's car was clearly blocking traffic, and it is immaterial to that point whether officers conducted a field sobriety test.

6

testimony and the MPD policy stating that when officers find controlled substances, they "shall seize and immediately inventory the evidence." (*Id.* at 3.)

Based on a *de novo* review of the record, *see Lothridge*, 324 F.3d at 601 (reversing the district court where it had deferred wholesale to the magistrate judge's credibility findings), this Court agrees with the magistrate judge's determination that Officer Moua credibly testified that he first observed the suspected crack cocaine in plain view and only then conducted the search of the vehicle. Defendant's contentions to the contrary are unpersuasive. Defendant first states that "Officer Moua first told Officer Crayton that he had found a gun in the vehicle," and argues that such statement contradicts Officer Moua's contention that he first saw the narcotics in plain view. (Def.'s Obj. at 3.) Defendant misconstrues the record. To be sure, Officer Crayton testified that the first thing he recalled Officer Moua saying was that he had found a gun in the vehicle, but, critically, Officer Crayton also testified that Officer Moua "said he observed narcotics in the vehicle, and then he located a firearm later." (Tr. at 63.) Viewed as a whole, Officer Crayton's testimony does not call into question Officer Moua's testimony as to the sequence of events.

The Court is likewise unpersuaded by Defendant's contention that Officer Moua's testimony regarding the sequence of events is contradicted by the MPD policy requiring that officers "seize and immediately inventory the evidence" when they find controlled substances. (Def.'s Obj. at 3 (quoting MPD Policy 7-331).) Officer Moua credibly testified that the reason he photographed the gun before the drugs was a matter of experience. He testified that due to the heightened risk that guns present as compared to drugs, he photographed and seized the guns before the drugs to ensure no one was endangered.

7

Nothing about this testimony or the MPD policy calls into question his credibility or the legality of the search. In sum, this Court finds no support in the record for Defendant's objections to the June 20th search, and, like the magistrate judge, finds that the search was lawful.

Accordingly, Defendant's objections are overruled, the R&R is adopted in its entirety, and Defendant's motions are denied as detailed below.

## III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Menendez's R&R of November 30, 2017 [Doc. No. 39] is **ADOPTED**;

2. Defendant's Objections to the R&R [Doc. No. 40] are **OVERRULED**;

3. Defendant's Motion to Sever Counts [Doc. No. 20] is **DENIED without prejudice**. Should preparations for trial reveal a new and stronger basis for severance, Defendant will be permitted to raise the issue again as long as he does so sufficiently ahead of trial;

4. Defendant's Motion to Suppress Evidence [Doc. No. 21] is **DENIED with prejudice**; and

5. Defendant's Motion to Suppress [Doc. No. 22] is **DENIED with prejudice**.

Dated: January 19, 2018                    s/Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge