UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Kalil Wesley Dunn,<br><br>    Defendant. | Case No. 17-cr-168 (SRN/KMM)<br><br><br>**ORDER** |

Craig Baune and Thomas Calhoun-Lopez, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Kalil Wesley Dunn, Reg. No. 21176-041, FCI Victorville Medium II, P.O. Box 3850, Adelanto, CA 92301, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Kalil Wesley Dunn's Pro Se Motion to Appoint Counsel [Doc. No. 158] and his Pro Se "Motion for Immediate Release from Custody" ("Motion for Release") [Doc. No. 159]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court denies Mr. Dunn's Motion for Release and denies as moot his Motion to Appoint Counsel.

### I.    BACKGROUND

####     A.    Underlying Factual and Procedural History

In July 2017, the Government charged Mr. Dunn in a five-count Indictment with two counts of being a felon in possession of a firearm (Indictment [Doc. No. 10] Counts 1 & 4), two counts of possession with intent to distribute cocaine case (*id*., Counts 2 & 5),

1

and one count of carrying a firearm during and in relation to a drug trafficking crime (*id.*, Count 3). The charges arose from two encounters between Mr. Dunn and police officers. First, in April 2017, Dunn fell asleep at the wheel of his moving vehicle and ran into three parked cars and sustained heavy front-end vehicle damage. *See United States v. Dunn*, 928 F.3d 688, 690–91 (8th Cir. 2019). Pursuant to policy, officers arranged for Mr. Dunn's vehicle to be towed and impounded. *Id*. Officers conducting an inventory search of the vehicle found two firearms, along with drugs and drug paraphernalia. *Id*. at 691. As a convicted felon, Dunn is prohibited from possessing a firearm. (*See* Indictment, Count 4.) Although Mr. Dunn was arrested and detained by local authorities, he was released from local custody in late April. *Dunn*, 928 F.3d at 691.

Two months later, in June 2017, officers observed Mr. Dunn commit reckless driving and initiated a traffic stop. *Id*. Pursuant to the stop, officers conducted a vehicle search, discovering crack cocaine and a loaded handgun and magazine drum with ammunition inside the car. *Id.*

Dunn pleaded guilty to Counts 1 (felon in possession of a firearm) and 3 (carrying a firearm during and in relation to a drug trafficking crime) of the Indictment, both of which stem from the April 2017 incident. (Plea Agmt. [Doc. No. 48] ¶ 1.) The Government agreed to dismiss the three remaining charges related to the June 2017 incident. (*Id.*)

With an offense level of 21 and criminal history category IV, Mr. Dunn's Guidelines range for Count 1 was 57 to 71 months, and his Guidelines range for Count 3 was the mandatory minimum sentence of 60 months, to be served consecutively to the Count 1 sentence, as required by statute. *Dunn*, 928 F.3d at 691–92. This Court imposed a sentence

of 57 months on Count 1 and 60 months on Count 2, to be served consecutively. (Am. Sentencing J. [Doc. No. 132].)

On direct appeal, Dunn argued that: (1) the April 2017 inventory search of the vehicle before towing was unreasonable; (2) the police lacked probable cause to search the vehicle in connection with the June 2017 stop; and (3) the Court abused its discretion by failing to grant a downward variance. *Dunn*, 928 F.3d at 690. The Eighth Circuit disagreed with Mr. Dunn's arguments and affirmed this Court's judgment. *Id*. at 694.

Subsequently, in October 2019, Dunn filed a motion to vacate his sentence under 28 U.S.C. § 2255. He argued that he received ineffective assistance of trial counsel and appellate counsel because they failed to argue that his April 2017 arrest lacked probable cause. (Def.'s 2255 Mot. [Doc. No. 88] at 6–11.) This Court rejected Mr. Dunn's arguments, finding that he failed to meet the standard for a claim of ineffective assistance of counsel. (Mar. 2, 2020 Order [Doc. No. 95]); *United States v. Dunn*, No. 17-cr-168 (SRN/KMM), 2020 WL 996864, at *5–6 (D. Minn. Mar. 2, 2020). Mr. Dunn appealed [Doc. No. 98], and the Eighth Circuit affirmed this Court's judgment [Doc. No. 113].

Between May 2020 and June 2023, Mr. Dunn filed five motions for compassionate release [Doc. Nos. 106, 116, 133, 136, 148], all of which the Court denied [Doc. Nos. 128 (addressing both Doc. Nos. 106 & 116), 135, 147, 149]. He appealed one of those rulings, which the Eighth Circuit denied [Doc. Nos. 150, 155].

**B.     Motion for Release**

In Mr. Dunn's Motion for Release, he raises three grounds for relief: (1) a purported change in sentencing law regarding the grouping of his offenses entitles him to immediate

3

release; (2) he should not have received a two-level offense level enhancement at sentencing, and consequently, he is entitled to immediate release; and (3) due to his rehabilitation, he should be released.[1] (Def.'s Mot. for Release at 1–2.)

The Government opposes Mr. Dunn's Motion for Release. As to Mr. Dunn's claim of improper "grouping," the Government states that the law remains unchanged from the time of sentencing and does not entitle him to any relief. (Gov't Opp'n [Doc. No. 161] at 3–4.) Likewise, the Government maintains that the law applicable to Mr. Dunn's two-level enhancement remains unchanged and the Court properly applied the enhancement. (*Id.* at 4.) Finally, the Government argues that Mr. Dunn's rehabilitative efforts do not warrant compassionate release. (*Id.* at 4–5.)

## II.    DISCUSSION

### A.    Procedural Posture

As an initial matter, the Court must first determine the statutory means by which Mr. Dunn seeks relief, as he fails to identify any such authority.

As for his arguments regarding grouping and the two-level sentencing enhancement, to the extent Mr. Dunn is arguing that his sentence is unlawful due to subsequent changes in the law, such a claim can only be raised through a § 2255 motion. Under 28 U.S.C. § 2255, a prisoner in federal custody has a limited opportunity to challenge the

---

[1] Mr. Dunn's Pro Se Motion to Appoint Counsel is identical, word-for-word, to his Motion for Release. (*Compare* Def.'s Mot. to Appt. Counsel [Doc. No. 158], *with* Def.'s Mot. for Release [Doc. No. 159].) He seeks appointment of counsel to present his claims for relief in his Motion for Release.

constitutionality, legality, or jurisdictional basis of a sentence imposed by a court. The law limits a defendant to one § 2255 motion unless he obtains certification for a second or successive motion from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(e), (h). As noted above, Mr. Dunn has already filed an unsuccessful § 2255 Motion, and the Eighth Circuit Court of Appeals denied his appeal. He has not sought authorization from the Eighth Circuit to file a successive motion. A defendant may not bypass the authorization requirement of § 2255 by purporting to invoke some other procedure. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."), *cert. denied*, 545 U.S. 1135 (2005). Accordingly, to the extent that Mr. Dunn challenges the legality of his sentence, unless and until he obtains authorization from the Eighth Circuit, the Court lacks jurisdiction over any claims that must be raised under § 2255. Therefore, the Court denies his Motion for Release on this basis.

Alternatively, Mr. Dunn may be arguing that even though the sentence imposed was lawful, he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). While a prisoner can file a motion under § 3582(c)(2) without first obtaining authorization from the Court of Appeals, the Court is unaware of any changes to the Sentencing Guidelines applicable to Mr. Dunn's sentence and he fails to identify any particular amendments or provisions. (*See also* Gov't's Opp'n at 3–4.) Instead, Mr. Dunn appears to be arguing that the Sentencing Guidelines range should have been different if the Court

5

had applied the law correctly. However, any argument attacking the legality of his sentence must be made under § 2255, not § 3582(c)(2). Again, claims for relief under § 2255 are foreclosed without authorization from the Eighth Circuit, which is lacking here. Accordingly, the Court denies his Motion for Release on this basis.

Mr. Dunn's rehabilitation argument appears to implicate compassionate release under 18 U.S.C. § 3582(c)(1), which the Court addresses below.

### B.    Compassionate Release

Pursuant to the First Step Act, a court may reduce a prisoner's term of imprisonment, "after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A defendant may only bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

This is Mr. Dunn's sixth motion for compassionate release. He fails to indicate whether he requested compassionate release from the warden of his facility prior to filing his Motion for Release. Because it is unclear whether Mr. Dunn has exhausted his administrative remedies, the Court cannot consider his compassionate release ground for relief. The Court therefore denies without prejudice this portion of his Motion for Release.[2]

---

[2] While the Court commends Mr. Dunn's efforts at rehabilitation, the Court also notes that "rehabilitation alone cannot constitute an extraordinary and compelling reason

### C. Pro Se Motion to Appoint Counsel

Mr. Dunn's Pro Se Motion to Appoint Counsel relates to his Motion for Release, which the Court has denied. Accordingly, his Pro Se Motion to Appoint Counsel is denied as moot.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Mr. Dunn's Pro Se Motion to Appoint Counsel [Doc. No. 158] is **DENIED as moot**.

2. Mr. Dunn's Pro Se Motion for Immediate Release from Custody [Doc. No. 159] is **DENIED in part** and **DENIED without prejudice in part**.

Dated: November 19, 2023                                s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge

---

to modify a sentence." *United States v. DeFoggi*, Nos. 22-2327, 22-2394, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023) (citing 28 U.S.C. § 994(t)).