UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 17-168 (SRN/KMM) |
| **Plaintiff,** | |
| v. | **ORDER ON MOTION FOR COMPASSIONATE RELEASE** |
| Kalil Wesley Dunn, | |
| **Defendant/Petitioner** | |

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101; Craig R. Baune and Thomas Calhoun-Lopez, Office of the U.S. Attorney, 300 S. 4th St., Ste. 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Kalil Wesley Dunn, Reg. No. 21176-041, FCI Victorville Medium II, P.O. Box 3850, Adelanto, CA 92301, Pro Se Defendant/Petitioner

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Pro Se Motion for Compassionate Release from Custody ("Compassionate Release Motion") [Doc. No. 164] filed by Defendant/Petitioner Kalil Wesley Dunn.  In this Motion, Mr. Dunn seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Mr. Dunn's motion [Doc. No. 172]. Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies the motion.

I.     BACKGROUND

In July 2017, Mr. Dunn was charged in a five-count Indictment with various firearms and narcotics offenses.  (Indictment [Doc. No. 10].)  He pleaded guilty to being

1

a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Plea Agmt. [Doc. No. 48] ¶ 1.) In June 2018, the Court sentenced Mr. Dunn to a 117-month term of imprisonment, consisting of 57 months for the felon-in-possession offense, and a mandatory 60-month sentence for his drug-trafficking conviction under § 924(c)(1). (Am. Sentencing J. [Doc. No. 132] at 2.) Mr. Dunn appealed his conviction and sentence, which the Eighth Circuit affirmed [Doc. Nos. 69, 85]. He also unsuccessfully sought collateral relief under 28 U.S.C. § 2255 [Doc. Nos. 88, 95, 113].

He is currently incarcerated at the Federal Correctional Institution in Victorville, California, and has a projected release date of December 15, 2025. *See* Federal Bureau of Prisons ("BOP"), *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed May 9, 2025).

The instant Motion is Mr. Dunn's sixth motion for compassionate release [*see* Doc. Nos. 106, 116, 128, 133, 135, 136, 147, 148, 149]. He seeks relief under changes to the U.S. Sentencing Guidelines that went into effect in November 2024. (Def.'s Comp. Release Mot. at 1–5.)

II.  **DISCUSSION**

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to statute. *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). The compassionate release provision, as amended by the First Step Act, is such a statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). A court may reduce a

defendant's term of imprisonment if: (1) "after considering the factors set forth in § 3553(a) to the extent that they are applicable"; (2) the court finds that "extraordinary and compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission has provided guidance about compassionate release in the U.S. Sentencing Guidelines, § 1B1.13 (2024). It has identified certain extraordinary and compelling reasons for a sentence reduction, including: (1) the medical circumstances of the defendant; (2) the defendant's advanced age; (3) the defendant's family circumstances; or (4) the defendant being a victim of sexual abuse perpetrated by BOP staff. U.S.S.G. § 1B1.13(b)(1)–(4). In addition, a catch-all provision for "other reasons" permits courts to consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [noted above]" that "are similar in gravity to those described in paragraphs (1) through (4)." *Id*. § 1B1.13(b)(5).

Also, the Sentencing Commission has addressed the impact of changes in the law on defendants who have received "unusually long sentence[s]," finding that this may also constitute an extraordinary and compelling reason for a sentence reduction:

> (6) <u>Unusually Long Sentence</u>.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

3

*Id.* § 1B1.13(b)(6).  The unusually-long-sentence provision is subject to the following limitation:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

*Id.* § 1B1.13(c).

A defendant seeking compassionate release "bears the burden to establish he is eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB), 2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb. 2, 2021)).[1]

Mr. Dunn contends that certain medical conditions and a past injury, in combination with his "brain not being fully developed at the time," constitute extraordinary and compelling reasons for a reduction in sentence. (Def.'s Comp. Release Mot. at 1.)  He also invokes three amendments to the Sentencing Guidelines, arguing that the effect of these amendments constitutes an extraordinary and compelling reason for compassionate release. (*Id*. at 2) ("My sentence was affected by statutory [and] guideline enhancements that the

---

[1]  The Court finds that Defendant has exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(a) [*see* Doc. No. 164-1], and his motion is properly before the Court.  The Government agrees. (Gov't's Opp'n at 3.)

4

Sentencing Commission has since recognized as unfair [and] severe."). Furthermore, Mr. Dunn points to the catch-all compassionate release provision in § 1B1.13(b)(5), and argues that a combination of these circumstances warrants compassionate release. (*Id.* at 2.)

In opposition, the Government challenges the validity of § 1B1.13(b)(6), as a general matter. (Gov't's Opp'n at 5–6.) It asks the Court to stay Mr. Dunn's claim pending resolution of this issue before the Eighth Circuit, which has taken two appeals on this question under advisement. (*Id.*) (citing *United States v. Loggins*, No. 24-1488 (8th Cir. 2024); *United States v. Crandall*, No. 24-1569 (8th Cir. 2024)). Alternatively, it requests that the Court declare § 1B1.13(b)(6) invalid. (*Id.*) If the Court declines to issue a stay or hold § 1B1.13(b)(6) invalid, the Government contends that Mr. Dunn is ineligible for relief under § 1B1.13(b)(6), in any event. (*Id.* at 7–9.) Finally, the Government contends that consideration of the sentencing factors under 18 U.S.C. § 3553 disfavors release and that Mr. Dunn poses a danger to the community. (*Id*. at 9–10.)

### A. Medical Conditions

Mr. Dunn claims to suffer from certain mental health conditions—conditions that he has raised in support of previous motions for compassionate release. (Def.'s Comp. Release Mot. at 1; *see* July 17, 2023 Order [Doc. No. 149] at 2, 4.) However, he does not argue that the conditions have gone untreated, nor does he provide any medical documentation to show that his conditions have worsened. The Court finds no basis to support his claim for compassionate release on medical grounds and denies his motion on this basis.

### B. Unusually Long Sentence

Although Mr. Dunn does not expressly invoke Guidelines § 1B1.13(b)(6), the Court considers his motion in this context because he refers to the effects of Guidelines Amendments 826, 828, and 829 in support of his claim for relief. (Def.'s Comp. Release Mot. at 1–2, 4–5.) He finds these Amendments relevant to a claim for relief under § 1B1.13(b)(6), applicable to an unusually long sentence.

In brief, Amendment 826 modified Guidelines § 1B1.3(c), which addresses whether acquitted conduct may be considered relevant conduct for purposes of determining the applicable guideline sentencing range. This provision now states that "relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction." U.S.S.G. § 1B1.3(c). Commentary to the Guidelines advises that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." *Id.*, cmt. n.10.

Amendment 828 addressed the procedures for calculating the Guidelines applicable to Defendants convicted under 18 U.S.C. § 924(c) and as a felon in possession of a firearm or of a drug trafficking offense. U.S.S.G. § 2K2.4. Among other things, it modified commentary to Guidelines § 2K2.4 and addressed the impact of the amendment on grouping, i.e., the procedure for determining a single combined offense level for a case involving multiple counts of conviction. *Id.* cmt. n.4(B).

6

Amendment 829 modified language in Guidelines § 5H1.1 regarding youthful offenders. The Guidelines Policy Statement on "age" states that "[a]ge may be relevant in determining whether a departure is warranted" and that

> [a] downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are more amenable to rehabilitation.
>
> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

U.S.S.G. § 5H1.1.

The Government asks the Court to stay Mr. Dunn's claim for relief under Guidelines § 1B1.13(b)(6), arguing that it conflicts with Eighth Circuit authority against using the compassionate release statute as a "freewheeling opportunity for resentencing," instead of seeking relief on direct appeal or collateral relief under 28 U.S.C. § 2255. (Gov't's Opp'n at 5–6) (quoting *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022)). And if the Court declines to stay ruling on this ground for relief, the Government asks the Court to declare § 1B1.13(b)(6) invalid because it provides an end-run around § 2255 for a prisoner to challenge the legality or validity of a sentence. (*Id.* at 6) (citing *Jones v. Hendrix*, 599 U.S. 465, 469–70, 477 (2023)).

The Court declines to reserve its ruling here until after the Eighth Circuit has issued its rulings on the two pending appeals in *Crandall* and *Loggins*. The Eighth Circuit recently heard oral argument on these appeals on April 17, 2025, and it may not have the opportunity to rule for some time.

Nor does the Court need to reach the question of whether § 1B1.13(b)(6) is invalid, because even assuming its validity, Mr. Dunn is ineligible for relief on the merits, for several reasons. *See United States v. Reese*, 735 F. Supp. 3d 1094, 1099 (D. Minn. 2024) (noting "an ongoing debate among the circuit courts regarding the validity and application of U.S.S.G. § 1B1.13(b)(6)," and resolving the defendant's compassionate release motion on other grounds); *see also United States v. Salazar*, No. 23-cr-247(1) (DWF/DTS), 2025 WL 1207589, at *1 (D. Minn. Apr. 25, 2025) (acknowledging "ongoing debate," and declining to address the section's validity or to stay the case pending the Eighth Circuit's decision in *Loggins* and *Crandall* because defendant's argument failed on the merits).

First, § 1B1.13(b)(6) is inapplicable because Mr. Dunn is serving a total sentence of 117 months. He has not served a sentence of "at least 10 years," as required for relief under this provision. U.S.S.G. § 1B1.13(b)(6) ("If a defendant received an unusually long sentence and *has served at least 10 years of the term of imprisonment . . .*") (emphasis added).

Second, even if Mr. Dunn met the 10-year time-served requirement, he has not shown that a change in the law since his sentencing would create a "gross disparity" between the sentence imposed and what the Court would impose today. He was subject to

8

a mandatory minimum sentence on Count 3, and received a sentence at the lowest end of the Guidelines range on Count 1.

Finally, Amendments 826, 828, and 829 have not been made retroactively applicable to defendants seeking a reduction in sentence. *See* U.S.S.G. § 1B1.10 (listing amendments for which a reduction in sentence may apply retroactively, and not listing Amendments 826, 828, and 829). The Sentencing Commission's policy statement provides that a "an amendment to the Guidelines Manual that has not been made retroactive [] shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c). While a non-retroactive change may not serve as an independent basis for relief, if a defendant *otherwise establishes* extraordinary and compelling reasons for a sentence reduction, courts may take into consideration a non-retroactive amendment, but only to determine *the extent* of any such reduction.[2] *Id.* (emphasis added). Here, however, Mr. Dunn has not otherwise established that extraordinary and compelling reasons warrant a reduction in sentence.

For all of these reasons, he is ineligible for relief under Guidelines § 1B1.13(b)(6).

---

[2] The same is true of rehabilitative efforts, which Mr. Dunn claims to have made through coursework and vocational training. (Def.'s Comp. Release Mot. at 3–4.) While Mr. Dunn's efforts are commendable, the "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," although it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Again, Mr. Dunn has not presented other circumstances or a combination of circumstances sufficient to warrant relief.

### C. Catch-All Provision

The catch-all compassionate release provision applies to "any *other* circumstance or combination of circumstances" that "are similar in gravity" to the enumerated reasons for compassionate release. U.S.S.G. § 1B1.13(b)(5) (emphasis added). As discussed above, Mr. Dunn has invoked his medical conditions under § 1B1.13(b)(1), and changes in the law under § 1B1.13(b)(6). However, he fails to present an argument related to some *other* circumstance or combination of circumstances sufficiently significant to warrant relief. Accordingly, he is not entitled to compassionate release under the catch-all provision.

### D. Section 3553 Sentencing Factors

Pursuant to the Sentencing Commission's policy statement, a court may reduce a term of imprisonment for an eligible defendant only after considering the sentencing factors set forth in 18 U.S.C. § 3553(a),[3] if applicable, and if the court determines that

---

[3] Pursuant to § 3553(a), and as relevant here, the sentencing court shall consider—

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

18 U.S.C. § 3553(a).

"the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).

Turning to the sentencing factors, the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1) are concerning, as Mr. Dunn carried a firearm that was etched with a threatening reference to a rival gang, and another recovered firearm included a "drum magazine" capable of holding 50 rounds. (Mar. 6, 2023 Order [Doc. No. 147] at 11.) As to the seriousness of the offense, firearms-related criminal conduct is highly dangerous, (*see* July 17, 2023 Order at 8), and Mr. Dunn's current sentence appropriately provides just punishment for the offense and affords adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(B). The Court continues to find that Mr. Dunn has not established that he will present no danger to the public if released. *See id.* § 3553(a)(2)(C).

The Court also agrees with the Government that given Mr. Dunn's impending release in December, he will be better served by completing his sentence and participating in reentry programming, rather than being immediately released. (*See* Gov't's Opp'n at 9–10.) The Court therefore finds that consideration of these factors does not support compassionate release.

In sum, for all of the foregoing reasons, the Court finds that Mr. Dunn has not met his burden of establishing that he is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

11

### III. CONCLUSION

Accordingly, based on the foregoing and on all the files, records, and proceedings herein it is **HEREBY ORDERED THAT**:

1. The Pro Se Motion for Compassionate Release from Custody [Doc. No. 164] filed by Defendant/Petitioner Kalil Wesley Dunn is **DENIED**.

Dated: May 12, 2025

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge